DA 10-0605

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 212N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

JON PETERSON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Ninth Judicial District,
                  In and For the County of Toole, Cause No. DC 10-004
                  Honorable Laurie McKinnon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Joslyn Hunt, Chief Appellate Defender; Sarah Chase Rosario,
           Assistant Appellate Defender, Helena, Montana

      For Appellee:

           Steve Bullock, Montana Attorney General; Mardell Ployhar,
           Assistant Attorney General, Helena, Montana

           Merle Raph, Toole County Attorney, Shelby, Montana;
           Carolyn Berkram, Special Toole County Attorney, Cut Bank, Montana

                        Submitted on Briefs:  August 17, 2011

                                     Decided:  August 30, 2011

Filed:

                                  Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      A Montana Highway Patrol officer stopped Jon Peterson's vehicle in Toole County based upon suspicion that he was driving under the influence of alcohol.  At the scene the officer observed evidence indicating that Peterson was intoxicated, but Peterson refused to participate in a field sobriety test.  At the Sheriff's office Peterson refused to participate in a breath test.  A jury convicted him of driving under the influence.

¶3      On appeal Peterson argues that the jury was improperly instructed on the provisions of § 61-8-404(2), MCA.  That statute provides that if a person refuses to submit to a test to detect alcohol, a jury may infer from the refusal that the person was driving under the influence, but that inference is rebuttable.  Peterson argues that an instruction based on that statute, using the terms "infer" and "rebuttable," is confusing to the average juror, depriving him of his constitutional rights to a fair trial and due process.  Peterson did not object to the instruction at trial and asks this Court to exercise plain error review.  We decline.

¶4      This Court has considered similar attacks upon § 61-8-404, MCA, and jury instructions based upon it, and has consistently rejected those challenges.  *State v.*

2

*Larson*, 2010 MT 236, 358 Mont. 156, 243 P.3d 1130; *State v. Miller*, 2008 MT 106, 342 Mont. 355, 181 P.3d 625; *State v. Michaud*, 2008 MT 88, 342 Mont. 244, 180 P.3d 636; *City of Great Falls v. Morris*, 2006 MT 93, 332 Mont. 85, 134 P.3d 692.  This case is therefore controlled by settled Montana law.

¶5     Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JAMES C. NELSON
/S/ BETH BAKER
/S/ BRIAN MORRIS
/S/ JIM RICE